705 So.2d 660 (1998)
Gary GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04960.
District Court of Appeal of Florida, Second District.
January 23, 1998.
James Marion Moorman, Public Defender, Bartow, and Carol J. Y. Wilson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Gary Gutierrez appeals his conviction for lewd and lascivious conduct. He contends the trial court erred by admitting evidence of a collateral crime and by limiting the cross-examination of the collateral victim during the hearing to determine the admissibility of the collateral crime evidence. Gutierrez also asserts the court erred by allowing the State to engage in improper closing argument. We conclude the record does not justify the admission of the collateral crime testimony and that the court erred by precluding Gutierrez from conducting a proper inquiry into *661 the alleged prior crime. Because the erroneous admission of collateral crime evidence requires a new trial, the impropriety of the State's closing argument also merits our discussion.
Gutierrez was charged with handling and fondling his 9-year-old step-daughter in a lewd and lascivious manner by touching her on the vagina under her clothing as she lay sleeping on the floor of his mother's home. The alleged collateral victim, K.T., testified that ten years prior to the incident giving rise to the charges in this case, Gutierrez had touched her in a sexual manner in her crotch area on the outside of her clothing. K.T. had given sworn testimony about the prior incident when deposed at that time.
Prior to ruling on the admissibility of K.T.'s testimony, the trial court conducted a mid-trial hearing outside the presence of the jury. On cross-examination, counsel for Gutierrez attempted to elicit from K.T. the circumstances surrounding the prior allegations. Gutierrez expected to demonstrate through the prior deposition testimony that the circumstances surrounding the earlier incident were significantly different than the charges he faced in this trial. K.T.'s deposition disclosed that the alleged incident involved the touching of a 13-year-old nonfamily member by a 23-year-old neighbor. The contact took place out-of-doors, during the daytime, in the woods, in the presence of several other persons, and occurred on the outside of K.T.'s clothing. The incident was apparently precipitated when K.T. grabbed Gutierrez's hat, ran away, and climbed a tree with the hat. In contrast, the allegations in the instant case involve a 9-year-old victim in a familial setting, a touching on the vagina while reaching under clothing, in the middle of the night, while the victim slept, in a house, with no other persons present.
When counsel attempted to cross-examine K.T. on this prior event, she denied any memory of the surrounding circumstances other than the offending touch. Counsel sought to refresh her memory with the deposition she had given ten years before, but she denied memory of the deposition. Upon objection by the State, the trial court ruled that the circumstances surrounding the prior incident were collateral matters, and were not subject to further cross-examination after K.T. denied any recollection of either her prior testimony or the events giving rise to that testimony.
We hold this limitation was error. The circumstances surrounding a collateral crime are by definition always collateral to the charged offense. However, the trial court is obligated to make a complete and careful review of these prior circumstances in order to make an informed determination of whether the collateral crime is sufficiently similar to the charged offense to be admissible as Williams[1] rule or collateral crime evidence. Neither Gutierrez, the State, nor our research has produced a case directly on point. Without direct precedent, we conclude that when the State seeks to introduce Williams rule or collateral crime evidence, the defendant should have the same right to question the alleged collateral victim about the circumstances surrounding the collateral crime as he would have in questioning the alleged victim in a crime for which he stands accused. This rule appears to be especially appropriate when the collateral crime occurred ten years earlier and the collateral crime victim had given sworn testimony about the prior incident at a time when the victim should have had a much better recollection of the event.
A review of K.T.'s prior deposition testimony, which was proffered by Gutierrez but apparently not relied on by the trial court in its decision to admit the collateral crime testimony, indicates that K.T.'s testimony should not have been permitted. When a collateral sex crime and a charged offense both occur in a familial context, the Florida Supreme Court has adopted a somewhat relaxed standard for admissibility of the collateral sex crime evidence. See Saffor v. State, 660 So.2d 668, 672 (Fla.1995). However, when the collateral sex crime is outside the familial context, there must be a strict similarity in the nature of the offenses and the circumstances surrounding their commission *662 to admit such evidence. See Saffor, 660 So.2d at 671; see also State v. Rawls, 649 So.2d 1350, 1353-54 (Fla.1994) (holding similar fact evidence that was "strikingly similar" was admissible in a nonfamilial sexual battery case where identity of the accused was not in question).
Although the court found similarities between the two alleged crimes in that both victims were young blond girls and both were touched on the vagina, the record reflects many more differences than similarities. Perhaps at the time of retrial, the State could once again convince the trial court that there are sufficient similarities for the admission of this collateral crime evidence, but this would require evidence that does not appear in the record before us.
Our reversal on other grounds moots Gutierrez's claim of improper closing arguments by the State. However, because this case requires a new trial, we feel compelled to comment on the State's approach. The primary thrust of the State's argument was to attack the defense for its cross-examination of the victim and its attempt to cross-examine the collateral crime victim. This attack by the State was improper. Appropriate and timely objections were made by the defense; however, when the State objected to the defense interposing objections during its final argument, the trial court ordered defense counsel to stop objecting. The State continued its final argument to the jury by criticizing defense counsel for objecting, thereby exacerbating the error.
Because the trial court erred by allowing testimony on a collateral crime that was not sufficiently similar to the charged crime, and because the trial court improperly limited the cross-examination of the collateral crime victim in its evidentiary hearing, we reverse Gutierrez's conviction and remand for a new trial.
Reversed and remanded for a new trial.
ALTENBERND, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).